### DE MING CHI, Petitioner,

### v.

### Eric H. HOLDER Jr.,[1] Attorney General, Respondent.

### No. 08–5024–ag.

United States Court of Appeals, Second Circuit.

Oct. 29, 2009.

Peter D. Lobel, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Michelle G. Latour, Assistant Director, Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner De Ming Chi, a native and citizen of China, seeks review of a September 15, 2008 order of the BIA affirming the March 15, 2007 decision of Immigration Judge ("IJ") Noel A. Brennan denying his application for asylum, withholding of removal, and CAT relief. *In re De Ming Chi*, No. A 077 000 170 (B.I.A. Sept. 15, 2008), *aff'g* No. A 077 000 170 (Immig. Ct. N.Y. City Mar. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, we "defer … to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

Substantial evidence supports the agency's adverse credibility determination. The IJ reasonably found that: (1) while Chi testified that he told his friend the details of his alleged arrest and detention, a letter from that friend omitted these details; (2) while a letter from Chi's father states that Chi "had to accept a thought education," Chi testified that he never underwent any type of "re-education"; and (3) it was implausible that, in September 2004, Chi read an article entitled, "Nine Commentaries on the Communist Party," given the government's evidence that the article was first published in November 2004. While Chi offered explanations before the agency that were responsive to each of these findings, the agency did not err in rejecting them. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). We are similarly unpersuaded by the arguments Chi makes in this Court.

Ultimately, viewed in its totality, substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 167. Therefore, the IJ properly denied Chi's application for asylum, withholding of removal, and CAT relief because the only evidence that he would be persecuted or tortured depended on his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

We need not reach Chi's argument that the IJ erred in failing to consider whether he had a well-founded fear of future persecution given that she credited portions of his testimony. Chi failed to exhaust any such argument before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007). In any event, contrary to Chi's argument, while the IJ believed that some aspects of Chi's story may have been true, she concluded that he exaggerated that story to create an asylum claim he would not otherwise have had. In other words, the IJ found that the

aspects of Chi's story that may have been true would not render him eligible for asylum. *Cf. Paul,* 444 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).